IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOE HAND PROMOTIONS, INC., | No. C 11-05569 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| AHED A. MAAMO, | |
| Defendant. | |

On August 10, 2012, the Court held a regularly-noticed hearing on plaintiff's motion for default judgment. Plaintiff appeared through counsel. No one appeared on behalf of defendant. The Court GRANTS plaintiff's motion for default judgment.

**BACKGROUND**

Plaintiff, the exclusive licensor of rights to exhibit certain closed circuit and pay-per-view sports programming, brought suit against defendant Ahed A. Maamo, dba Mezzas Pizza & Grill, operating at 34145 Fremont Blvd., Fremont, CA. The complaint alleges that defendant showed a program in his establishment without a license. Plaintiff's complaint alleges that defendant is liable under the Federal Communications Act, 47 U.S.C. § 605 *et seq.*, for receiving, intercepting and assisting in the receipt or interception of licensed programming.[1] Plaintiff alleges it secured the domestic commercial exhibit

---

[1] 47 U.S.C. § 605 prohibits the unauthorized interception of satellite programming. Plaintiff also alleges that defendant is liable under 47 U.S.C. § 553, which prohibits unauthorized interception of cable programming. Plaintiff does not allege, in either the complaint or in the motion for default

1 right to broadcast and license *Ultimate Fighting Championship 121: Rampage Johnson v. Lyoto Machida,* including the undercard bouts and commentary ("Program"). Plaintiff asserts that had defendant wished to legally broadcast the Program, the cost would have been $900. Plaintiff's hired private investigator was present on the evening of the fight, November 20, 2010, in defendant's establishment and saw one of the undercard bouts in the Program. *See* Affidavit of Mark Gerstle. Plaintiff filed a complaint against defendant, who never responded. The Clerk entered default against defendant on June 8, 2012.

## DISCUSSION

The Federal Communications Act, 47 U.S.C. § 605 et seq., prohibits commercial establishments from intercepting and broadcasting to its patrons satellite cable programming. The Act allows an aggrieved party to bring a civil action in federal district court and permits that party to elect an award of either statutory or actual damages. *See* 47 U.S.C. § 605(e)(3)(C)(I). The statute allows the court to award between $1,000 and $10,000 for each violation of section 605 as it considers just. *Id*. at § 605(e)(3)(C)(i)(II). The Court may increase its award by not more than $100,000 when the violation has been "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff's application for default judgment contends that defendant's violation of 47 U.S.C. § 605 *et seq*. was willful and that this Court should enter default judgment in the amount of the statutory maximum, $110,000 plus $900 for conversion damages.

This Court declines to grant plaintiff's request for the statutory maximum. The allegations in a complaint regarding the monetary amount of damages that should be granted in a default judgment are not controlling, and "the mere assertion that defendants acted willfully is insufficient to justify enhanced damages." *Kingvision Pay-Per-View Ltd. v. Backman*, 102 F. Supp. 1196, 1198 (N.D. Cal. 2000). Courts that have awarded enhanced damage awards due to willful violations of the Communications Act have cited such factors as the repeated violation of the Act, the intent to profit from the violations and actual profit derived from the violation. *Id*. at 1197-98. Plaintiff's papers do

---

papers which method of transmission defendant used, but plaintiff seeks damages solely under 47 U.S.C. § 605.

2

not disclose whether defendant advertised the broadcast and plaintiff's affiant did not pay a cover charge to enter defendant's establishment. According to the affidavit of Mr. Gerstle, the capacity of defendant's establishment is "50" people, but during three separate head counts only 5 - 8 patrons were present. Therefore, the facts indicate that the establishment did not intend to and did not profit from the broadcast. There are no allegations that defendant is a repeat offender.

"Courts in this district have considered several cases involving pirating of closed-circuit sports broadcasts and, absent a showing of egregious wrongdoing, generally have awarded damages slightly over the statutory minimum." *Universal Sports Network v. Jimenez*, No. C–02–2768–SC, 2002 WL 31109707, at *1 (N.D. Cal. Sept. 18, 2002). Therefore the Court finds that an enhanced damage award is not warranted under the statute. Under 47 U.S.C. § 605(e)(3) the Court may award statutory damages between $1,000 and $10,000 for a violation of the Act. Based on the facts alleged – including the fact that the license fee was $900, the establishment did not charge a cover fee, did not advertise the broadcast, and there were only a handful of patrons – the Court finds that an award of $2,900 is appropriate.

Plaintiff also requests default judgment on its state law claim of conversion. The Court finds that the statutory damages in the amount of $2,900 sufficiently compensates plaintiff, and this case does not present a set of circumstances where an additional award might be warranted. Further, plaintiff's conversion claim raises what one judge in the Eastern District of California has called "the thought-provoking question of whether an interest in intangible property such as an exclusive license to distribute a broadcast signal is the proper subject of a claim of conversion under California law." *See J & J Sports Productions, Inc. v. Hernandez*, No. 09-CV-3389 GEB KJN, 2010 WL 1980186, *6 n.12 (E.D. Cal. May 17, 2010). California state and federal courts have reached varying conclusions. *Compare, e.g., Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 119 (Ct. App. 2007) (noting California courts' traditional refusal to recognize as conversion the unauthorized taking of intangible interests not merged with or reflected in something tangible), *with DIRECTV, Inc. v. Pahnke*, 405 F. Supp. 2d 1182, 1189 (E.D. Cal. 2005) (observing that courts have relaxed tangibility requirement, and granting summary judgment for conversion of satellite broadcast programming) and *Don King Prods./Kingvision v. Lovato*, 911 F. Supp. 419, 423 (N.D. Cal. 1995) (finding that plaintiff's exclusive

rights to distribute program in California qualified as right to possession of property under conversion claim).

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for default judgment. Docket No. 23. The Court awards $2,900.

**IT IS SO ORDERED.**

Dated: August 10, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE